## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 11-CR-306 (EGS) |
| | ) | |
| v. | ) | **FILED** |
| | ) | |
| PEDRO ALEJANDRO RUBIO-PEREZ, | ) | APR − 3 2018 |
| | ) | |
| Defendant. | ) | Clerk, U.S. District & Bankruptcy |
| | ) | Courts for the District of Columbia |

## PLEA AGREEMENT

The United States of America, through the Narcotic and Dangerous Drug Section (hereinafter, this "Office") of the Criminal Division, United States Department of Justice (hereinafter, the "United States" or "government") and PEDRO ALEJANDRO RUBIO-PEREZ ("the Defendant"), enter into the following Plea Agreement ("Agreement"):

1.     **Charge:** The Defendant knowingly and voluntarily agrees to plead guilty to Count One of the Indictment, which charges the Defendant with knowingly and intentionally conspiring with others known and unknown to distribute (1) five kilograms or more of a mixture or substance containing a detectable amount of cocaine, and (2) and one thousand kilograms or more containing a detectable amount of marijuana intending and knowing that such substances will be unlawfully imported into the United States, in violation of Title 21, United States Code, Sections 959(a), 960(b)(1)(B)(ii), 960(b)(1)(H), 960(b)(1)(A), and 960(b)(1)(G); all in violation of Title 21, United States Code, Section 963, and Title 18, United States Code, Section 2.

2.     The Defendant acknowledges, and will reaffirm at the time of his plea of guilty, the truth of the attached Statement of Facts, which is incorporated herein.

3.     **Potential penalties, assessments, and restitution:** The Defendant understands that the crime to which the Defendant is pleading guilty carries a statutory maximum term of life imprisonment, a fine not to exceed $4,000,000, and a period of supervised release of at least five

(5) years. The Defendant also understands that he will not be able to withdraw his guilty plea if he believes the sentence imposed by the Court is too harsh.

4.      The Defendant understands that the statutory mandatory minimum sentence that the Court must impose for a violation of 21 U.S.C. §§ 959, 960, 963 is ten (10) years imprisonment, followed by a five (5) year period of supervised release.

5.      The Defendant further understands and acknowledges that, in addition to any sentence imposed, a special assessment in the amount of $100 will be imposed. The Defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

6.      **Potential Sentence:** Although not binding on the Court, or the Probation Office, the parties agree that the Sentencing Guidelines calculation, based on the applicable law as of the date of this Plea Agreement, is as follows:

> (a)      the Defendant is accountable for importation and distribution of: cocaine, in the amount of at least 450 kilograms or more; and marijuana, in the amount of at least 30,000 but less than 90,000 kilograms; and that, pursuant to Section 2D1.1(c)(2) of the Sentencing Guidelines, the base offense level without adjustments for the crime to which the Defendant is pleading guilty is a base offense level of **38**;
>
> (b)      The parties agree that the Defendant's conduct renders him ineligible for relief under the safety valve provision set forth in Title 18, United States Code §3553(f) and U.S.S.G. § 5C1.2.

7.      The government agrees to withdraw the Information filed on October 16, 2017 in this case pursuant to 21 U.S.C. § 851.

8.      The government will recommend at sentencing that the base offense level be decreased by three (**3**) levels pursuant to Section 3E1.1. The government will not be required to make this recommendation under Section 3E1.1 if the Defendant fails to timely notify the government of his intention to enter a plea of guilty; fails or refuses to make a full, accurate, and complete disclosure to the Probation Office of the circumstances surrounding the relevant offense

2

conduct; commits any misconduct after entering this Plea Agreement; fails to withdraw any pending motions or files any subsequent motions that are inconsistent with this Plea Agreement; or attempts in any way, either directly or indirectly, to interfere with the extradition process, or the availability of co-conspirators or witnesses in the United States or a foreign country. The parties agree that the total offense level would be **35**.

9.      At a Criminal History Category II and an adjusted offense level of **35**, the Sentencing Guidelines' range is **188-235 months** imprisonment. The Defendant understands that the government intends to argue for additional specific offense characteristic enhancements and adjustments at sentencing, but ultimately the Court will make the final Sentencing Guidelines determinations.

10.     The Defendant understands that the Court will impose a sentence in accordance with the factors set forth in 18 U.S.C. § 3553(a). Moreover, the Defendant understands that pursuant to the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), the federal courts are not bound by the Federal Sentencing Guidelines, but must consult those Guidelines and take them into account when sentencing. The parties understand that the presentence report will include a calculation of the advisory guideline range. The Court is not bound to impose a sentence within the advisory guideline range, and the Court's sentence may be more or less severe than the advisory guideline range. The Court however has the authority to impose any sentence up to the statutory maximum. The Defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by any party.

11.     The United States and the Defendant will inform the Court and the Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the Defendant and the

Defendant's background.

12.     **Pre-Sentencing Detention**:   The Defendant agrees that, pursuant to Title 18, United States Code, Section 3143, he shall remain detained without bond pending his sentencing in this case.

13.     **Use of Statements**:   The Defendant acknowledges discussing with his counsel Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a Defendant in the course of plea proceedings if a guilty plea is later withdrawn.  The Defendant knowingly and voluntarily waives the rights which arise under these rules.  As a result of this waiver, the Defendant understands and agrees that any statements which are made in the course of his guilty plea will be admissible against him for any purpose in any criminal or civil proceeding if his guilty plea is subsequently withdrawn.

14.     **Criminal Forfeiture**:   The Defendant agrees to forfeit and give to the United States, or another government as requested, prior to the date of sentencing any right, title and interest which the Defendant may have in any asset, located within the jurisdiction of the United States or elsewhere, including but not limited to cash assets, negotiable instruments, securities, property or other things of value, including any and all property which has been transferred or sold to or deposited with any third party, known or unknown by the Defendant for a period of not less than ten (10) years prior to the date of the signing of this Agreement that were involved in, used in, intended for use in, or obtained through narcotics violations, as well as any asset, interest, or proceeds the Defendant received or could receive or cause to be received by a third party in the future, directly or indirectly, in whole or in part, from the Defendant's illegal activities.  The Defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal.  The Defendant agrees to consent

to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.  The Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.  The Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, or another government as requested, and to testify truthfully in any judicial forfeiture proceeding.  The Defendant acknowledges that all property covered by this Agreement is subject to forfeiture as proceeds of illegal conduct.

15.     **Waiver of Appellate Rights:**  The Defendant is aware that Title 18, United States Code, Section 3742 affords the Defendant the right to appeal the sentence imposed in this case. The Defendant is aware that the Government's factual stipulations and predictions about the calculation of the Sentencing Guidelines are not binding on the sentencing judge.  Acknowledging this, the Defendant hereby waives all rights conferred by Title 18, United States Code, Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, including any challenges to the constitutionality of the Sentencing Guidelines, unless the sentence exceeds the maximum permitted by statute or results from an upward departure from the applicable guideline range pursuant to the provisions of Section 5K2.0 of the Sentencing Guidelines or based on a consideration of the sentencing factors set forth

in Title 18, United States Code, Section 3553(a).  The Defendant further agrees to waive his right to appeal the finding of guilt as well as the sentence imposed.  Additionally, the Defendant specifically waives any right to appeal any claim that the Defendant and his crimes were not subject to the jurisdiction of the United States, any argument that the statute to which the defendant is pleading guilty is unconstitutional, and any argument that his admitted conduct does not fall within the scope of the statute.  Further, the Defendant reserves the right to make a collateral attack upon the Defendant's sentence pursuant to Title 28, United States Code, Section 2255, if new and currently unavailable information becomes known to him.  In agreeing to this waiver, the Defendant is aware that his sentence has yet to be determined by the Court.  Realizing the uncertainty in estimating what sentence the Court ultimately will impose, the Defendant knowingly and willingly waives his right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the Government in this Plea Agreement.

16.    **Waiver of Constitutional and Statutory Rights:**  The Defendant agrees to waive all rights he would have if he chose to go to trial, including without limitation, his rights to a jury trial with the assistance of an attorney; to confront and cross examine Government witnesses; to remain silent or testify; to move to suppress evidence or raise any other Fourth or Fifth Amendment claims; to pursue any affirmative defenses and present evidence; and to any further discovery from the Government either now or at any future time, including at sentencing. The Defendant understands that by waiving further discovery in this case, this includes any right he may have to further discovery about the Government's witnesses or case, under Rule 16 (discovery and inspection) and Rule 26.2 (witness statements) of the Federal Rule of Criminal Procedure, and pursuant to Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), or their progeny. Understanding the aforementioned rights and facts, and in exchange for the

undertakings made by the United States in this Plea Agreement, the Defendant knowingly, intelligently, and voluntarily waives all of these rights.

17.     The Defendant also agrees that with respect to Count One to which he is pleading guilty, that he is not a "prevailing party" within the meaning of the "Hyde Amendment," Title 18, United States Code, Section 3006A note, and that he will not file a claim under that law.

18.     The Defendant also waives any right to have facts that determine his sentence under the Guidelines alleged in the Indictment or found by a jury beyond a reasonable doubt. The Defendant further agrees that the Court shall find at sentencing by a preponderance of the evidence any facts that determine his sentence under the Guidelines.

19.     In addition to the waiver of any other right resulting from his plea, the Defendant waives, without limitation, any right to challenge or appeal any claim—including those specifically raised—that the Defendant and his crimes were not subject to the jurisdiction of the United States.

20.     By signing this Plea Agreement, the Defendant and counsel for the Defendant acknowledge that they have discussed the appeal waiver with each other, and that defense counsel, along with the prosecutor, will request that the Court enter a specific finding regarding the Defendant's knowing and voluntary waiver of his right to appeal the finding of guilt, his conviction, and the sentence imposed, and his knowing and voluntary waiver of any other rights identified in paragraphs fifteen (15) through nineteen (19).

21.     **Removal:** The Defendant recognizes that pleading guilty may have consequences with respect to the Defendant's immigration status if the Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the Defendant is pleading guilty. Indeed, because the Defendant is pleading guilty to a

drug trafficking offense, removal is presumptively mandatory.   Because removal and other immigration consequences are the subject of a separate proceeding, the Defendant understands that no one, including the Defendant's attorney(s) or the District Court, can predict to a certainty the effect of the Defendant's conviction on the Defendant's immigration status.   The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any immigration consequences that the Defendant's plea may entail, even if the consequence is the Defendant's automatic removal from the United States.

22.   **Conclusion:** The Defendant represents to the Court that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is in fact guilty, and represents to the Court that he is fully satisfied with the legal advice, guidance and representation he has received from his attorney.

23.   The Defendant also represents that he is competent to enter the plea and has been able to understand and aid in his own defense.

24.   The Defendant agrees, if his conviction is vacated, that the statute of limitations and his speedy trial rights will be tolled from the date that this plea agreement is signed, until the date the Defendant makes his initial appearance before the District Court after the Defendant's conviction is vacated, with respect to any prosecution that is not time barred on the date of this agreement.   The Defendant agrees that venue is proper in the District of Columbia and waives any claim of lack of venue.

25.   This Agreement only binds the Narcotic and Dangerous Drug Section, Criminal Division, United States Department of Justice.   It does not bind any other office or agency of the United States Government.   These other offices and agencies remain free to prosecute the Defendant for any offense(s) committed within their respective jurisdictions.

26.     There are no other agreements, promises, understandings or undertakings between the Defendant and the government.  The Defendant understands and acknowledges that there can be no valid addition or alteration to this Agreement unless the modification is made on the record in open Court or made in a writing signed by all of the parties.

Respectfully submitted,

Date: 3.26.18

Emily Cohen, Trial Attorney
LaRai Everett, Trial Attorney
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice

Approved By:

Date: 3.26.18

Amanda N. Liskamm
Deputy Chief
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice

## DEFENDANT'S ACCEPTANCE

I have reviewed this Plea Agreement, and have discussed it at length with my attorney, Manuel Retureta, Esquire. This Plea Agreement has been translated into Spanish for me. I understand that the English version controls. I fully understand this Plea Agreement and agree to it. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this Plea Agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in paragraph one (1).

I reaffirm that no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

PEDRO A. RUBIO PEREZ                    3/21/18
Pedro Alejandro Rubio-Perez            Date
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I am the Defendant's attorney. I have fully explained to the Defendant, with the aid of an interpreter, the Defendant's rights and the applicable provisions of the Sentencing Guidelines. I have carefully reviewed every part of this Plea Agreement with the Defendant. The Defendant is entering into this Plea Agreement voluntarily, intelligently and with full knowledge of the consequences of the Defendant's plea of guilty.

_____                 3.21.18
Manuel Retureta                         Date
Attorney for Defendant

10